(59 App. Div. 381.)

### VILLAGE OF KEESEVILLE v. KEESEVILLE ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. March 15, 1901.)

INTERLOCUTORY INJUNCTION—EVIDENCE TO SUSTAIN.

> Plaintiff has a system of waterworks operated by water power. Defendant constructed a wing dam, which plaintiff claims backs the water on its water wheel. Plaintiff moved, on affidavits, for an injunction pendente lite to restrain maintenance of such dam, and defendant filed affidavits denying that the wing dam backed the water on the wheel. *Held*, that an order enjoining defendant pendente lite from backing the water on plaintiff's water wheel was erroneous, as, if defendant permits the dam to remain, it may be found guilty of contempt, while to remove the dam would be an admission that its defense and the testimony of all its witnesses were false.

Appeal from special term, Saratoga county.

Action by the village of Keeseville against the Keeseville Electric Company. From an order granting an injunction against defendant pendente lite, defendant appeals. Reversed.

The plaintiff is a municipal corporation, and owns and operates a system of waterworks by which water is supplied to its inhabitants for domestic and fire purposes. It owns lands bounded on the Ausable river, and on such lands it has a pumping station, and water from said river is pumped through water mains for the purposes stated. The defendant is a domestic corporation owning lands on said river next below the lands of the plaintiff, and there operates an electric light plant, and light is supplied to the inhabitants of said village. Both parties run their plants by water power, and water is taken by them from said river by means of the same dam and flume. The plaintiff claims that the defendant has erected a wing dam on its premises below the premises of the plaintiff, causing water to flow back upon the plaintiff's station, water wheels, and premises, and seeks a judgment compelling the defendant to remove said wing dam, and perpetually restraining the defendant from using or maintaining said wing dam, or permitting it to be used or maintained. The defendant denies that the wing dam causes the water to flow back upon the plaintiff's station, water wheels, and premises. A motion was made at special term for "an order restraining and enjoining, during the pendency of this action, the defendant, its agents, servants, and officers, from using or maintaining, or permitting to be used or maintained, the wing dam or pier erected by it." On the hearing of the motion the plaintiff read several affidavits to the effect that the wing dam causes the water of the river to flow back upon the plaintiff's premises, and the defendant read a large number of affidavits to the effect that the wing dam does not cause the water of the river to flow back upon the plaintiff's premises. The special term granted an order "that the defendant, its agents, servants, and officers, be, and they are hereby, restrained and enjoined during the pendency of this action from raising or backing, or causing to be raised or backed, the water upon the water wheels of plaintiff, or any of them, mentioned in the complaint herein, and from permitting or suffering said water to be raised or backed upon said wheels."

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Richard Lockhart Hand, for appellant.
Franklin A. Rowe, for respondent.

CHASE, J. An injunction order should be sufficiently definite and certain in stating what the party enjoined must do or refrain from doing, so that it will not be necessary for the party enjoined to determine at his peril one or more of the principal issues to be tried in the action before deciding what, if anything, it is necessary to do in obedience to the order. The court at special term in this case avoided passing upon conflicting affidavits, or taking further means for determining preliminarily the controversy, and made an order that involves one of the principal issues for determination. The defendant cannot take down its wing dam without for the time being abandoning one of its defenses to the action, and substantially admitting that all of the persons whose affidavits it has read have sworn falsely; and, if it does not remove the wing dam, and it is finally determined that the plaintiff has a cause of action against the defendant, and that the wing dam does in fact cause the water to flow back on the plaintiff's premises, then it will be liable for a continued contempt of court in disobeying the order. Such an order is of no possible value to the plaintiff pending a determination of the controversy, and it places the defendant in unjustifiable jeopardy. This court has recently held that such an order should not be granted. St. Regis Paper Co. v. Santa Clara Lumber Co., 55

App. Div. 225, 67 N. Y. Supp. 149. It is unnecessary to consider the other questions raised on this appeal.

Order reversed, with $10 costs and disbursements. All concur.